**UNITED STATES of America,**
**Plaintiff,**

v.

**Noel James SKRMETTA and Glenn Mattina, Defendants.**

**No. Civ.A. 1:97–CV–639RG.**

United States District Court,
S.D. Mississippi,
Southern Division.

Feb. 25, 1999.

---

Pshon Barrett, Asst. U.S. Attorney, U.S. Attorney's Office, Jackson, MS, Jackson, MS, for plaintiff.

William S. Boyd, III, Gulfport, MS, for defendant.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This matter is before the Court on Plaintiff United States of America ("USA") Motion for Summary Judgment (docket no. 28), filed in this Court on December 21, 1998, and on the Motion of Defendant Noel James Skrmetta For Additional Time Within Which To Respond To Plaintiff's Motion For Summary Judgment Due To Pending Settlement Negotiations (est. docket no. 32), filed in this Court on February 23, 1999.

### Facts and History of Case

The following summary of the underlying case are taken from the USA's Memorandum In Support Of Motion for Summary Judgment; which facts are not formally disputed by Skrmetta.

In order to evidence a loan of money under the Small Business Administration Guaranty Loan Program, Ronald J. Whitson and James W. Whitson d/b/a Shalimar Lounge, executed a Promissory Note dated October 14, 1983, in the principal sum of $90,000.00, payable to the order of The Jefferson Bank. The loan was secured by a Deed of Trust on real property. Willie Johnson and Grunave Johnson unconditionally guaranteed the note.

On January 14, 1986, the real estate securing the loan was sold to Mississippi Gulf Coast Marina, Inc., which assumed the loan as consideration for the sale. The defendant, Noel James Skrmetta, and others owned and controlled Mississippi Gulf Coast Marina, Inc. In conjunction with the sale, the Jefferson Bank agreed to the release of original guarantors Willie and Grunave Johnson and the substitution of the defendant Skrmetta and others as guarantors.

Subsequently, Gulf Coast Marina, Inc. defaulted on the note, and the Jefferson Bank foreclosed on the real estate on May 21, 1993. The foreclosure sale by the real estate trustee on behalf of The Jefferson Bank was conducted in accordance with the laws of the State of Mississippi. The Jefferson Bank was the successful bidder at the sale, with a bid of $55,000.00.

The note and guaranty of the Defendant were assigned to the SBA on November 9, 1993. In addition, the real estate was conveyed to the SBA, which disposed of it via well advertised public auction sale on January 13, 1994, for the sum of $36,-000.00. The real estate had been appraised for $50,000.00 in 1990, but had decreased in value due to changes in the

surrounding neighborhood as well as zoning.

After allowing all proper credits on the loan evidence by the Note, there remains due and owing thereon, the principal sum of $48,425.38, plus interest accrued through December 16, 1998, in the amount of $32,787.87 and accruing thereafter at the contractual rate of 13.5% per annum or $17.91 per day.

Following the Plaintiff's demand in writing on the Defendants for payment and said Defendants failure to satisfy same, the USA filed its Complaint in this matter.

Due to a finding that Defendant Mattina was essentially judgment proof, the case against said defendant was compromised and dismissed by Order of July 27, 1998.

By his Answer filed on April 2, 1998, Defendant Skrmetta raised the following defenses:

I. That the Complaint failed to state a claim;

II. That the SBA is barred from recovery against him by the Statute of Limitations or the Doctrine of Laches;

III. That the SBA violated its Rules and Regulations and is therefore barred from recovery from the defendant; and

IV. The foreclosure sale by The Jefferson Bank failed to meet the requirements of the State of Mississippi.

An original Case Management Plan and Scheduling Order was entered on June 15, 1998; however, following the dismissal of defendant Mattina, on October 21, 1998, an Amended Case Management Plan Order was entered. By said amended Order, discovery deadline was extended from October 9, 1998 to December 3, 1998; Motion deadline was extended from October 23, 1998 to December 20, 1998 and a non-jury trial date was set for April 12, 1999.

Following the filing of the subject Motion for Summary Judgment, the defendant, on January 12, 1999 moved for an extension of time to respond due to the alleged illness of the "influenza" of the defendant's "Lead counsel;" presumptively William S. Boyd, III. This Motion was unopposed by the plaintiff and the defendant was given through February 1, 1999.

On February 1, 1999, attorney Boyd appeared in the chambers of this Court and filed his "ore tenus" motion for Additional Time Within Which To Respond To Plaintiff's Motion For Summary Judgment *Due To Pending Settlement Negotiations.* The USA agreed and according the representations of the defendant in his Agreed Order, the parties "are diligently in the process of entering into settlement negotiations." The Order, signed on February 2, 1999, gave the defendant through "Tuesday, February 23, 1999," to file his response to the Plaintiff's Motion for Summary Judgment.

On the morning of February 23, 1999, this Court contacted by telephone the office of defendant's "Lead" counsel; informing his agent that no response had been received in the day's mail and further asking if the Court could expect hand delivery of the response by the end of the business day. At this time, and at no previous time, the Court was informed that settlement efforts were ongoing and that further time would be needed. At that time the Court indicated to defendant's attorney's agent that the Court was not inclined to grant further extensions in this matter.

As a follow-up, the Court contacted counsel for the Plaintiff and was, in effect, told that no contact had been made with the USA regarding settlement on behalf of the defendant since the request for additional time on or about February 1, 1999.

At approximately 4:45 pm on February 23, 1999, a "runner" for defendant's counsel hand-delivered the subject Motion for Additional Time. This Motion has been opposed by the USA.

## Discussion

At the outset, this Court notes that in the normal case, the Court is inclined to allow the parties to "try their own cases"

as long as the Rules this Court are reasonably complied with. In addition, it this Court's practice to encourage and assist parties in their efforts at settling cases. The record in this case will reveal that all reasonable accommodations were granted the parties.

Regrettably, this case presents this Court with serious concerns and doubts that the defendant and/or his counsel have been candid with the Court or with the Plaintiff.

Regarding the issue of candor, as noted above, the result of this Court's independent inquiry, which has been further verified by the Plaintiff's Objection to the subject Motion for Additional Time regarding the alleged diligence coupled with the repeated "eleventh hour" motions for time in the past, leaves this Court with a sincere feeling that the defendant and/or counsel of record have misrepresented either the letter or the spirit of the truth in this matter.

Regarding the issue of pattern and practice, the Court was struck by the tenor and expressed content of paragraph 11 of the defendant's latest motion for time: "Should this Request for Additional Time not be granted by this Honorable Court, the Defendant will have no other real option other than to Declare personal bankruptcy." The Court finds this style of advocacy to be both irrelevant to the defendant's obligation to respond to a serious Motion for Summary Judgment and further views it as bordering on a violation of the Rules of Professional Conduct. It is also truly unfortunate that the subject Motion for Time could not have been submitted in a more timely fashion or at least with a suggestion of alternative relief which might have been consistent with the Rules of the United States District Courts for the Northern and Southern Districts of Mississippi. This matter has long been set for trial on April 12, 1999 and has been scheduled for a Pre-trial conference on March 18, 1999. The fact that, after repeated extensions sought and granted to the defendant, he now seeks an extension through April 1, 1999, leads this Court to expect that a granting of such extension would be followed by motions to postpone the March 18, 1999 Pre–Trial Conference as well as the trial.

■ In summary, in light of the previously summarized history of the case, which began with a Complaint filed in December of 1997, the Court considers this attempt by the Defendant to be dilatory and disingenuous at best.

■ The USA, in its Motion For Summary Judgment, addressed each of the defenses asserted by the defendant in his Answer, in accord with Rule 56 of the Federal Rules of Civil Procedure. Further, as cited by the USA, the United States Supreme Court, speaking in *Celotex Corporation v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), set forth:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

The Court finds the argument and exhibits submitted by the Plaintiff in support of its Motion For Summary Judgment, in addition to the lack of any response by the defendant, to be well taken. The Court also finds that the USA's response to the Motion for Time and the Court's own experience with the cause and the previously noted procedural history support a decision by this Court to deny the Motion for Time.

IT IS THEREFORE HEREBY OR-DERED AND ADJUDGED that Defendant Noel James Skrmetta's Motion for Additional Time (docket no. 32) is DENIED.

IT IS ALSO ORDERED AND ADJUDGED that Plaintiff United States of America Motion for Summary Judgment (docket no. 28) is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that a judgment be submitted by March 12, 1999, in accordance with the forgoing Memorandum Order pursuant to Rule 58 of the Federal Rules of Civil Procedure and Rule 9 of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi.